1  JANET M. HEROLD, Regional Solicitor
2  BRUCE L. BROWN, WSBA #18844
   Associate Regional Solicitor
3  EVAN H. NORDBY, WSBA #35937
4  Trial Attorney
   U.S. Department of Labor, Office of the Solicitor
5  300 Fifth Avenue, Suite 1120
6  Seattle, Washington 98104
   Phone (206) 757-6758
7  Fax (206) 757-6761
8  Attorneys for Plaintiff

9                    UNITED STATES DISTRICT COURT

10                  EASTERN DISTRICT OF WASHINGTON

11

12  THOMAS E. PEREZ, Secretary of        )
13  Labor, United States Department of   )  CASE NO.:  CV-13-5081-RMP
    Labor,                               )
14                                       )
               Plaintiff,                )
15                                       )  COMPLAINT FOR TEMPORARY
16        v.                             )  AND PERMANENT INJUNCTIVE
                                         )  RELIEF
17  BLUE MOUNTAIN FARMS, BLUE            )
18  MOUNTAIN FARMS PACKING,              )
    RYAN BROCK, SHIRLEY LOTT, and        )
19  JOHN AND JANE DOES I through         )
20  XX,                                  )
                                         )
21                                       )
               Defendants.               )
22  _____ )

23

24        PLAINTIFF THOMAS E. PEREZ, Secretary of Labor, ("Plaintiff" or the
25  "Secretary"), United States Department of Labor ("Department"), brings this
26  action pursuant to sections 502 and 512 of the Migrant and Seasonal Agricultural
27  Worker Protection Act of 1983, as amended, ("MSPA" or the "Act"), 29 U.S.C. §§
28  1852, 1862, to enjoin and restrain actions in violation of the Act.

1.      This Court has subject matter jurisdiction over this Complaint pursuant to section 502 of the Act, 29 U.S.C. § 1852, and 28 U.S.C. § 1345 (United States as plaintiff).

2.      Venue is proper pursuant to 29 U.S.C. § 1852 and 28 U.S.C. § 1391 in that the Secretary's investigation to determine whether any person has violated or is violating any provision of the Act is being carried on within this judicial district.

3.      Defendant BLUE MOUNTAIN FARMS is a business entity that owns and operates a blueberry farm and has its principal place of business in Walla Walla County, Washington, within the jurisdiction of this Court. Defendant BLUE MOUNTAIN FARMS is, and at all relevant times was, a "agricultural employer" of "migrant agricultural workers" and/or "seasonal agricultural workers" within the meaning of section 3 of the Act, 29 U.S.C. § 1802; and as it does not fall within one of the exceptions to coverage set forth at section 4 of the Act, 29 U.S.C. § 1803, is subject to the coverage of the Act.

4.      Defendant BLUE MOUNTAIN FARMS PACKING is a business entity that owns and operates a blueberry packing shed and has its principal place of business in Walla Walla County, Washington, within the jurisdiction of this Court. Defendant BLUE MOUNTAIN FARMS PACKING is, and at all relevant times was, a "agricultural employer" of "migrant agricultural workers" and/or "seasonal agricultural workers" within the meaning of section 3 of the Act, 29 U.S.C. § 1802; and as it does not fall within one of the exceptions to coverage set forth at section 4 of the Act, 29 U.S.C. § 1803, is subject to the coverage of the Act.

5.      Defendant RYAN BROCK, an individual, is an owner of Defendant BLUE MOUNTAIN FARMS and Defendant BLUE MOUNTAIN FARMS PACKING and resides within the jurisdiction of this Court.  Defendant RYAN BROCK is, and at all relevant times was, a "agricultural employer" of "migrant agricultural workers" and/or "seasonal agricultural workers" within the meaning of

section 3 of the Act, 29 U.S.C. § 1802; and as he does not fall within one of the exceptions to coverage set forth at section 4 of the Act, 29 U.S.C. § 1803, is subject to the coverage of the Act.

6.    Defendant SHIRLEY LOTT, an individual, is an owner of Defendant BLUE MOUNTAIN FARMS and Defendant BLUE MOUNTAIN FARMS PACKING and resides within the jurisdiction of this Court.  Defendant SHIRLEY LOTT is, and at all relevant times was, a "agricultural employer" of "migrant agricultural workers" and/or "seasonal agricultural workers" within the meaning of section 3 of the Act, 29 U.S.C. § 1802; and as she does not fall within one of the exceptions to coverage set forth at section 4 of the Act, 29 U.S.C. § 1803, is subject to the coverage of the Act.

7.    Defendants JOHN AND JANE DOES I through XX are individuals and business entities, the true names and capacities of which are unknown to Plaintiff, who therefore sues them under these fictitious names.  Defendants JOHN AND JANE DOES I through XX are "agricultural employers" of "migrant agricultural workers" and/or "seasonal agricultural workers" within the meaning of section 3 of the Act, 29 U.S.C. § 1802, or agents or principals thereof, that do not fall within one of the exceptions to coverage set forth at section 4 of the Act, 29 U.S.C. § 1803, and are therefore subject to the coverage of the Act. Plaintiff will amend this complaint to add their true names and capacities when they become known

8.    Collectively, Defendants are, and at all relevant times were, the subject of an investigation by the Secretary through his authorized representatives, pursuant to Section 512 of the Act, 29 U.S.C. § 1862, to determine whether any person has violated or is violating any provision of the Act.

9.    The purpose of the Act is "to remove the restraints on commerce caused by activities detrimental to migrant and seasonal agricultural workers; to require farm labor contractors to register under this Act; and to assure necessary

COMPLAINT– PAGE 3

protections for migrant and seasonal agricultural workers, agricultural associations, and agricultural employers." 29 U.S.C. § 1801.

10.   On the morning of Monday, July 23, 2013, four (4) investigators and an Assistant District Director from the Wage and Hour Division of the U.S. Department of Labor ("Wage and Hour Investigators"), who are authorized representatives of the Secretary and officials of the Department, traveled to Defendants' blueberry fields in Walla Walla County, Washington, where they observed persons employed in "agricultural employment" within the meaning of the Act.

11.   As directed by the Act, the Wage and Hour Investigators proceeded to investigate, and in connection therewith, enter and inspect such places, question such persons and gather such information to determine compliance with the Act, or regulations prescribed under the Act.

12.   Such places included the open fields of Defendants, where "migrant agricultural workers" and/or "seasonal agricultural workers" (hereinafter "workers") were employed by Defendants in the act of picking blueberries; as well as Defendants' packing shed, where workers were employed by Defendants in the act of packing blueberries for shipment.

13.   Defendant RYAN BROCK gave consent to the Wage and Hour Investigators to enter and inspect Defendants' fields and packing shed, and question such persons and gather such information to determine compliance with the Act, or regulations prescribed under the Act.

14.   Defendant RYAN BROCK purported to limit the number of workers that the Wage and Hour Investigators could interview.

15.   The Wage and Hour Investigators observed more than one hundred (100) workers working in the Defendants' fields, and additional workers in the packing shed.

16.    As each of the Wage and Hour Investigators can only interview and observe one worker at a time, they could not interview and gather information about the work of a sufficient number of such workers, to determine compliance with the Act before the workers completed their work for the day at approximately 12:30 p.m., on Monday, July 23.

17.    The Wage and Hour Investigators were also unable to inspect the interior of the packing shed for health and safety hazards to workers.

18.    While a Wage and Hour Investigator is interviewing a worker, all of the remaining workers continue working on the harvest or on the packing shed line; and therefore the interviews do not interfere with the harvest.

19.    The Wage and Hour Investigators returned to Defendants' property on the morning of Tuesday, July 24, 2013, and resumed interviewing workers and gathering information to determine Defendants' compliance with the Act.

20.    On Tuesday, July 24, 2013, at or about 9:45 a.m, Defendant RYAN BROCK arrived at the Juicy blueberry field and, acting on behalf of all Defendants, demanded to the Wage and Hour Investigators there that all of the Wage and Hour Investigators leave.

21.    The Wage and Hour Investigators complied, and withdrew to a road used to access Defendants' property.

22.    Negotiations between Defendants and the Secretary, through counsel, through the rest of the day on July 24, 2013, did not result in the Wage and Hour Investigators regaining access to the fields and/or packing shed.

23.    Defendants, through counsel, stated that they would contact the county sheriff and allege criminal trespassing against the Wage and Hour Investigators, should the Wage and Hour Investigators attempt to reenter the fields or the packing shed.

24.    It is a necessary part of an investigation and inspection under the Act to interview and observe workers while they are working in the fields; for example,

investigators from the Wage and Hour Division perform time studies of how many pounds of berries workers pick to ensure workers are making the minimum wage when paid at a piece rate. Investigators also attempt to ensure that all workers seen actually working in the fields are of legal age and listed on the employer's payroll.

25.    The harvest season at an individual fresh fruit farm such as that of Defendants is as short as three to four weeks. Even a short period of obstruction and interference with an investigation is harmful to the Secretary's ability to enforce the Act.

### Count One: Unlawful Interference with MSPA Investigation

26.    Plaintiff incorporates and realleges Paragraphs 1-25 above.

27.    Through the acts described above, Defendants unlawfully resisted, opposed, impeded, intimidated, and interfered with officials of the Department of Labor assigned to perform an investigation, inspection, or law enforcement function pursuant to the Act during the performance of such duties, in violation of section 512 of the Act, 29 C.F.R. § 1862.

WHEREFORE, the Plaintiff Secretary of Labor prays that this Court:

a.    Issue a temporary restraining order restraining all Defendants from unlawfully resisting, opposing, impeding, intimidating, or interfering with officials of the Department of Labor assigned to perform an investigation, inspection, or law enforcement function pursuant to the Act during the performance of such duties; and

b.    Issue a permanent injunction enjoining all Defendants from unlawfully resisting, opposing, impeding, intimidating, or interfering with officials of the Department of Labor assigned to perform an investigation, inspection, or law enforcement function pursuant to the Act during the performance of such duties; and

c.      Award the Secretary his attorney's fees and costs; and

d.      Award such other equitable relief as may be appropriate.

Dated: July 25, 2013

M. PATRICIA SMITH[1]
Solicitor of Labor

JANET M. HEROLD
Regional Solicitor

BRUCE L. BROWN
Associate Regional Solicitor

EVAN H. NORDBY
Trial Attorney

By:      /s Evan H. Nordby __
         EVAN H. NORDBY, WSBA #35937

Attorneys for Plaintiff Thomas E. Perez,
Secretary of Labor
United States Department of Labor
Office of the Solicitor
300 Fifth Avenue, Suite 1120
Seattle, Washington 98104
Phone (206) 757-6758
Fax (206) 757-6761
E-mail: Nordby.evan@dol.gov

---

[1] Congress directed that the Secretary would be represented by the office of the Solicitor of Labor in district court actions under MSPA. 29 U.S.C. § 1852.

**COMPLAINT– PAGE 7**