UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| THOMAS E. PEREZ, Secretary of Labor, United States Department of Labor,<br><br>Plaintiff,<br><br>v.<br><br>BLUE MOUNTAIN FARMS, BLUE MOUNTAIN FARMS PACKING, RYAN BROCK, SHIRLEY LOTT, and JOHN AND JANE DOES I through XX,<br>Defendants. | NO: 2:13-CV-5081-RMP<br><br>ORDER GRANTING MOTION TO DISMISS COUNTERCLAIMS |

Before the Court is the Government's Motion to Dismiss Counterclaims, ECF No. 58. The Court has reviewed the Government's Motion and Reply as well as the Response filed by Defendants Blue Mountain Farms LLC, Blue Mountain Packing LLC, Great Columbia Berry Farm LLC, Applegate Orchards Inc., Ryan Brock, Shirley Lott, and Brandon Lott (collectively, "Blue Mountain").

ORDER GRANTING MOTION TO DISMISS COUNTERCLAIMS ~ 1

# BACKGROUND

The Government conducted a wage and hour investigation of Blue Mountain's blueberry farming business in the summer of 2013. Based on its findings, the Government alleges in its First Amended Complaint that Blue Mountain violated the Fair Labor Standards Act and the Migrant and Seasonal Agricultural Worker Protection Act by withholding wages from its employees and by failing to comply with recordkeeping and disclosure requirements. *See* ECF No. 54 at 2-3.

In its Answer, Blue Mountain claims that in the course of the investigation, the Government advised Blue Mountain that it had invoked the "hot goods" provision, 29 U.S.C. § 215(a)(1), forbidding the transportation, shipment, delivery, or sale of Blue Mountain's blueberry crop. *See* ECF No. 55 at 8-9. Blue Mountain claims that the Government told one of Blue Mountain's key customers that a hot goods objection had been placed on Blue Mountain's berries. ECF No. 55 at 9. Because of the hot goods objection, the customer allegedly destroyed berries that it had received from Blue Mountain and refused to pay for them. ECF No. 55 at 9.

Blue Mountain asserts four counterclaims, seeking a declaratory judgment that the Government's application of the hot goods provision was unlawful, claiming that the Government committed the tort of intentional interference with a

business expectancy, asserting that the Government was negligent in applying the hot goods provision, and seeking attorney fees. ECF No. 55 at 7-13.

The Government moves to dismiss all of Blue Mountain's counterclaims, contending that the Court lacks subject matter jurisdiction over the counterclaims because of the doctrine of sovereign immunity. ECF No. 58.

## ANALYSIS

Rule 12(b)(1) governs motions to dismiss for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). "Once challenged, the party asserting subject matter jurisdiction has the burden of proving its existence." *Rattlesnake Coal. v. E.P.A.*, 509 F.3d 1095, 1102 n.1 (9th Cir. 2007).

"Sovereign immunity is an important limitation on the subject matter jurisdiction of federal courts." *Vacek v. U.S. Postal Serv.*, 447 F.3d 1248, 1250 (9th Cir. 2006). As a sovereign, the United States "is immune from suit unless it has expressly waived such immunity and consented to be sued." *Gilbert v. DaGrossa*, 756 F.2d 1455, 1458 (9th Cir. 1985). Furthermore, "a waiver of sovereign immunity is to be strictly construed, in terms of its scope, in favor of the sovereign." *Dep't of Army v. Blue Fox, Inc.*, 525 U.S. 255, 261 (1999).

*1. Tort Counterclaims*

The Government contends that the Court lacks subject matter jurisdiction to consider Blue Mountain's tort counterclaims because Blue Mountain failed to exhaust its administrative remedies. ECF No. 58 at 4-7.

The Federal Tort Claims Act ("FTCA") "provides that an 'action shall not be instituted upon a claim against the United States for money damages' unless the claimant has first exhausted his administrative remedies." *McNeil v. United States*, 508 U.S. 106, 107 (1993) (quoting 28 U.S.C. § 2675(a)). This requirement does not apply, however, to "claims as may be asserted under the Federal Rules of Civil Procedure by third party complaint, cross-claim, or counterclaim." 28 U.S.C. § 2675(a).

Blue Mountain apparently does not dispute that it failed to exhaust its administrative remedies but instead argues that its counterclaims are permissible pursuant to the FTCA's exception for counterclaims. *See* ECF No. 62 at 4-9, 11-12.

The exception from the requirement to exhaust administrative remedies, however, is more limited than Blue Mountain acknowledges. When the United States sues, it "does not waive immunity as to claims which do not meet the 'same transaction or occurrence test' nor to claims of a different form or nature than that sought by it as plaintiff . . . ." *Frederick v. United States*, 386 F.2d 481, 488 (5th

Cir. 1967); *see also* 6 Charles Alan Wright et al., *Federal Practice and Procedure* § 1427 (3d ed.) (quoting *Frederick*, 386 F.2d 481).  Thus, "[c]ounterclaims under the F.T.C.A. have been permitted only when the principal action by the United States was in tort and the counterclaim was compulsory in nature." *Spawr v. United States*, 796 F.2d 279, 281 (9th Cir. 1986).

Blue Mountain argues that *Spawr*'s discussion of this issue is *dicta* because the private parties in that case sued the United States as plaintiffs, rather than raising counterclaims.  ECF No. 62 at 11.  However, *Spawr* includes this discussion as an alternative basis for its conclusion, such that it is entitled at least to some weight.  *See Spawr*, 796 F.2d at 281 ("Furthermore, because the Spawrs seek money damages for the imposition of a Denial Order, they make a claim 'of a different form or nature' from that sought by the Government as plaintiff in its proceedings under the Export Act.").  Moreover, contrary to Blue Mountain's contention that district courts within the Ninth Circuit since have departed from *Spawr*, ECF No. 62 at 11, the only authority that Blue Mountain offers is in accord with the conclusion that FTCA counterclaims have been allowed only where the United States' claim is based in tort.  *See United States v. Montrose Chem. Corp. of Cal.*, 788 F. Supp. 1485, 1491 n.2 (C.D. Cal. 1992) ("Here, the United States action was based exclusively on CERCLA.  An action for natural resource damages under CERCLA 'sounds basically in tort.'").

ORDER GRANTING MOTION TO DISMISS COUNTERCLAIMS ~ 5

Based on Ninth Circuit precedent and the strict construction of waivers of sovereign immunity, the Court finds that the FTCA's exception from the requirement to exhaust administrative remedies applies only when the action brought by the United States also sounds in tort.

Here, as Blue Mountain does not dispute, the Government's principal action does not sound in tort.  *See* ECF No. 62 at 11.  Thus, because Blue Mountain failed to exhaust its administrative remedies in accordance with the FTCA, the Court finds that it lacks subject matter jurisdiction over Blue Mountain's second and third tort counterclaims for intentional interference with business expectancy and negligence.  The Court does not consider the parties' remaining arguments regarding these claims.

2. *Declaratory Judgment*

Blue Mountain seeks a declaration that the Government exceeded its authority under the hot goods provision and that the Government's application of that provision was unconstitutional.  ECF No. 55 at 9-10.  The Government moves to dismiss Blue Mountain's request for declaratory judgment, arguing that Blue Mountain has not identified any waiver of sovereign immunity for its counterclaim under the Declaratory Judgment Act.  ECF No. 58 at 9-10.

"The Declaratory Judgment Act merely creates a remedy in cases otherwise within the court's jurisdiction; it does not constitute an independent basis for

ORDER GRANTING MOTION TO DISMISS COUNTERCLAIMS ~ 6

jurisdiction." *Morongo Band of Mission Indians v. Cal. State Bd. of Equalization*, 858 F.2d 1376, 1382-83 (9th Cir. 1988).

Blue Mountain has not identified any applicable waiver of sovereign immunity, instead contending that the Court should exercise jurisdiction over the declaratory judgment counterclaim because the Court has jurisdiction over the tort counterclaims. *See* ECF No. 62 at 12. However, as discussed above, the Court lacks jurisdiction over Blue Mountain's tort counterclaims, and there appears to be no waiver of sovereign immunity as to Blue Mountain's counterclaim under the Declaratory Judgment Act. Thus, the Court lacks subject matter jurisdiction and will dismiss this counterclaim as well.

### 3. Attorney Fees

Blue Mountain concedes that, due to sovereign immunity, it may not seek attorney fees against the Government pursuant to 28 U.S.C. § 1927. ECF No. 62 at 14. "[F]or this reason[,] Blue Mountain will agree to withdraw its attorney fee counterclaim, as pled." ECF No. 62 at 14. However, Blue Mountain contends that it will seek fees through other authority. ECF No. 62 at 14. The Government objects to any attempt by Blue Mountain to amend its Answer to seek attorney fees on another basis. ECF No. 66 at 9.

The Court dismisses Blue Mountain's counterclaim regarding attorney fees pursuant to 28 U.S.C. § 1927 and makes no ruling regarding the propriety of fees pursuant to other authority.

Accordingly, **IT IS HEREBY ORDERED**:

1. The Government's Motion to Dismiss Counterclaims, **ECF No. 58**, is **GRANTED**.

2. Blue Mountain's First, Second, and Third Counterclaims are **DISMISSED WITH PREJUDICE**; Blue Mountain's Fourth Counterclaim, regarding attorney fees, is **DISMISSED WITHOUT PREJUDICE**.

The District Court Clerk is directed to enter this Order and to provide copies to counsel.

**DATED** this 10th day of August 2015.

        *s/ Rosanna Malouf Peterson*
        ROSANNA MALOUF PETERSON
        Chief United States District Court Judge